UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | No. 19-27 |
| BRITTANY RIQUEL PATTERSON | SECTION: "J"(3) |

### ORDER AND REASONS

Before the Court are a *Motion to Dismiss Superseding Indictment* **(Rec. Doc. 46)** and a *Motion for an In Camera Inspection of the Grand Jury Minutes* **(Rec. Doc. 47)** filed by Defendant, Brittany Patterson. The Government filed a consolidated opposition (Rec. Doc. 48) to which Patterson replied (Rec. Doc. 49). The Court heard oral argument on the motion to inspect on May 20, 2019. Considering the motions, the memoranda, the record, and the law, the Court finds the motions should be **DENIED**.

### BACKGROUND

In 2012, Brittany Patterson was employed at a tax preparation business, Crown Tax Services, owned by Michegel Butler. The nature of Patterson's work at Crown is a matter of dispute. In May of 2015, Patterson was interviewed by IRS special agents regarding her work at several tax preparation entities, one of which

1

was Crown.[1] According to a memorandum of the interview[2] Patterson told the agents she (inadvertently or not) gave Butler the idea to create his tax preparation business.[3] She told the agents she performed clerical work at Crown, answering the phone, handing out intake sheets, and transporting customers—she was still learning how to prepare returns at the time.[4] However, after Patterson connected Butler with her acquaintance, Dana Alverez, Alverez began working for Butler, and Patterson began to only provide referrals to Crown. Patterson said she received a commission for her referrals, at least at first. She said she referred over 60 people to Butler's tax preparation business. Patterson admitted to the agents that Butler allowed people to falsely state their income in their returns.

On February 15, 2019, a federal grand jury indicted Butler and Patterson for tax fraud.[5] A few months later, on March 29, 2019, the Grand Jury returned a 14-count superseding indictment. Count 1 of the superseding indictment charges Butler and Patterson, with others, conspired together to defraud the United States for the purpose of impeding the IRS's lawful function as the assessor and collector of federal income taxes. The indictment alleges the conspirators perpetuated their scheme in part by falsely reporting clients' dependents, their income, and their expenses, by encouraging clients to buy or sell personal identification in order to falsely report

---

[1] Patterson's statements to the agents are the subject of Patterson's Motion to Suppress (Rec. Doc. 40), also pending before the Court.
[2] The memorandum was prepared by Special Agent Mark Nuss. Patterson relies on the memorandum as an accurate representation of the interview. Because the memorandum is simply a record of what Patterson said, the chronology of events is difficult to follow.
[3] (Rec. Doc. 46-2 at 5)
[4] Patterson says she was to be paid $10 an hour for this work—though, according to Patterson she either never received this rate, or Butler stopped paying her shortly after she was hired.
[5] (Rec. Doc. 1).

those individuals as dependents, and by charging rates as high as $600 for tax returns, with their fee coming out of the return. *See* 18 U.S.C. § 371.[6] Counts 2-10 of the superseding indictment are allegations that Butler willfully assisted in the fraudulent filing of U.S. Individual Income Tax Returns for the year 2012 for nine individuals. *See* 26 U.S.C. § 7206(2). Counts 11-14 charge Patterson similarly aided four individuals in filing false returns in 2012. *See id.* Not long after the superseding indictment was filed, Patterson filed her motions to dismiss the superseding indictment and to inspect grand-jury minutes.

## **STANDARD OF LAW**

### I.

The Federal Rules of Criminal Procedure allow a defendant to object that the indictment is defective because of its "failure to state an offense." Fed. R. Crim. Proc. 12(b)(3)(B)(v). "[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000). Thus, the Court "accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16 (1952)). Courts recognize that a defendant's untimely delay in raising this objection will result in a liberal construction of the indictment.[7] *United States v. Hathaway*, 318 F.3d 1001, 1010 (10th Cir. 2003). Patterson's objection is timely

---

[6] (Rec. Doc. 30).
[7] Rule 12 instructs the objection be brought before trial but because the defect is jurisdictional in nature, it may be brought at any time. *United States v. White*, 258 F.3d 374, 379 (5th Cir. 2001).

3

though, so the Court will use a "common sense construction." *United States v. Hodge*, 211 F.3d 74, 76 (3d Cir. 2000).

An indictment is a plain and concise written statement of the essential facts constituting the offense charged. Fed. R. Crim. Proc. 7(c)(1).

> To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense. This requirement stems directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment. The starting place for any determination of whether the charged conduct is proscribed by a criminal statute is a reading of the language of the charging instrument and the statute itself.

*United States v. White*, 258 F.3d 374, 381 (5th Cir. 2001) (internal citations omitted). If the facts alleged do not constitute the elements of the charged offense, dismissal is appropriate. *See id.*

## II.

Patterson's second motion alleges the Government presented false information to the grand jury,[8] asks the Court to inspect the grand-jury minutes in camera, and asks for dismissal of the entire superseding indictment with prejudice. Grand jury proceedings are kept secret with limited enumerated exceptions. Fed. R. Crim. Proc. 6(e)(2). Relevant here, Rule 6 provides, "The court may authorize disclosure . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Proc.

---

[8] Patterson claims there are numerous misstatements in the superseding indictment which are part of a "calculated attempt to conceal the fact that Patterson was a mere intake clerk by falsely telling the grand jury that she had clients, prepared false tax returns, and handed out fraudulent refund checks." (Rec. Doc. 47-1 at 4).

4

6(e)(3)(E). The grounds for dismissing an indictment because of prosecutorial misconduct are extremely limited. "'Government misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the due process clause'; such violations are found only in the rarest circumstances." *United States v. Forte*, 65 F. Appx 508 (5th Cir. 2003) (quoting *United States v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995)). To warrant dismissal of an indictment it is not enough that the Government presents false testimony to the grand jury; the defendant must show the Government presented false testimony knowing it to be false. *Id.* (citing *United States v. Strouse*, 286 F.3d 767, 773-74 (5th Cir. 2002).

Moreover, the burden on Patterson to show the alleged misconduct is severe. "[M]ere speculation that such improprieties may have occurred will not suffice to support that required showing." *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). The defendant bears a "heavy burden" to make a requisite showing necessary even for a hearing. 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure* § 113 (4th ed. 2019); *see, e.g.*, *Beatrice Foods Co. v. United States*, 312 F.2d 29, 37–39, (8th Cir. 1963) (finding uncontradicted formal affidavit from attorney was an insufficient basis to produce grand-minutes for inspection). The "compelling necessity" to review grand-jury minutes must be "shown with particularity" by the defendant. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

# DISCUSSION

## I.

Patterson is charged with four counts of violating 26 U.S.C. § 7206(2) (Counts 11-14) and one count of violating 18 U.S.C. § 371 (Count 1). Section 7206(2) makes it illegal for anyone to willfully assist in the preparation or presentation of fraudulent federal income returns. Specifically, a person is guilty of a felony if she,

> Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document. . . .

26 U.S.C. § 7206(2). Thus, under the fraudulent return statute, the Government must prove: "(1) each defendant aided, assisted, counseled, or advised another in the preparation of the tax return in question; (2) the tax return contained a statement falsely claiming income, deductions, or tax credits; (3) the defendant knew that the statement was false; (4) the false statement was material; and (5) [willfulness]." *United States v. Morrison*, 833 F.3d 491, 500 (5th Cir. 2016) (citing 26 U.S.C. § 7206(2)). Conspiracy to defraud the United States is codified under 18 U.S.C. § 371:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Courts break this conspiracy offense into three elements, requiring: (1) an agreement between the defendant and another person to pursue an unlawful objective; (2) the defendant's knowledge of the conspiracy's unlawful objective when she joined; and (3)

6

an overt act in furtherance of the conspiracy committed by one of its members. *United States v. Morrison*, 833 F.3d 491, 499 (5th Cir. 2016).

Patterson claims she did not prepare or sign any fraudulent returns at Crown, train or supervise anyone at Crown, or own or operate Crown. Citing two Fifth Circuit cases considering the sufficiency of evidence used to convict individuals of conspiracy to defraud the IRS, Patterson argues that without allegations of this conduct, the superseding indictment must be dismissed.[9] *See United States v. Mendoza*, 685 Fed. Appx. 345, 348 (5th Cir. 2017) (unpublished), *Morrison*, 833 F.3d at 500. In *United States v. Morrison*, the Fifth Circuit examined its precedents to determine what evidence is required to sustain a conviction under section 371 and section 7206(2). *Morrison*, 833 F.3d at 500-502. Considering the conspiracy charge first, the Court found the evidence that the defendant, Gladstone, had prepared at least one fraudulent return to be "damning," and easily upheld his conviction as a conspirator in a scheme to defraud the United States. *Id.* at 499.

Whether there was sufficient evidence that Gladstone had violated the fraudulent return statute for each enumerated count was a "closer call." *Id.* at 501. Although there was evidence that Gladstone had prepared the one false return, there was not strong evidence linking Gladstone to the false returns that served as the bases for most of the substantive section 7206(2) counts. *Id.* at 501-502. Upon

---

[9] This is perhaps a generous construction of Patterson's argument. Patterson's argument that she "did not in fact commit certain conduct" is not relevant to her motion to dismiss. The issue is whether the allegations, taken as true, state a violation of law. To the extent that Patterson alleges this conduct she didn't do was not alleged, and it is required to be alleged to state a charge, there is an issue for the Court to consider.

7

collecting cases, the Fifth Circuit agreed with the defendant that most of its cases addressing the false return statute "involve defendants who have prepared returns, signed them, or had some other link to a specific return." *Id*. Nevertheless, the Court rejected the assertion that section 7206(2)'s "'aiding and abetting' language 'requires joining the defendant factually to a return.'" *Id*. (citing *United States v. Statin*, 367 F. App'x 492, 495 (5th Cir. 2010)). "To be convicted under an aiding and abetting theory, the defendant must 'share in the principal's criminal intent' and take some affirmative steps 'to aid the venture or assist the perpetrator of the crime.'" *Id*. (quoting *United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001)). Thus, the Fifth Circuit found the defendant could be convicted on a count of violating section 7206(2) even without evidence he was directly involved in the preparation of the corresponding return. *Id.*; *see also United States v. Searan*, 259 F.3d 434, 445 (6th Cir. 2001) (finding jury could properly conclude defendant was guilty on individual counts of violating section 7206(2) on the basis of evidence that he participated in the tax-fraud conspiracy because this evidence demonstrated he had also willfully aided and assisted in the filing of the false returns). The Fifth Circuit concluded "active involvement in, and knowledge of, the scheme were sufficient evidence from which a jury could find that [the defendant] knowingly assisted in the submission of these false returns." *Morrison*, 833 F.3d at 502.

In this case, Count 1 of the superseding indictment alleges Patterson knowingly conspired with Butler and others to defeat the IRS in its function as tax assessor and collector and overtly acted in furtherance of the conspiracy by aiding in

8

the filing of fraudulent returns. The purpose of the scheme was to unlawfully enrich the participants. The indictment alleges specific means by which Butler and Patterson carried out the conspiracy. For example, paragraph 9 alleges Butler, Patterson and others "aided and assisted in the filing of false U.S. Individual Income Tax Returns (IRS Forms 1040), which contained false information, which resulted in false and fraudulent claims for tax refunds from the IRS."[10] In the twelfth paragraph the superseding indictment alleges Butler, Patterson, and others "encouraged some clients to buy or sell the personal identification of others in order to falsely report those individuals as dependents on the tax returns of Crown Tax Service clients." The superseding indictment includes a chart listing each overt act of causing a fraudulent return to be filed with the initials of the taxpayer's name, the approximate date the return was filed, and where on the form the false entries were located—e.g., "Line 6c." Thus, the indictment sets forth the three necessary elements of a conspiracy charge; it cannot be reasonably argued that Count 1 fails to state an offense under federal law.

The superseding indictment alleges in Counts 11-14 that Patterson willfully aided in the preparation of, and presentation to, the IRS of four U.S. Individual Income Tax Returns for the 2012 tax year which contained false or fraudulent information. The Superseding Indictment provides another chart listing the returns which serve as the basis for each underlying count of aiding in filing a false return.[11]

---

[10] (Rec. Doc. 30 at 3).
[11] The chart lists when the returns were filed, where on the forms information was materially false, and provides the initials of the names of the taxpayers.

Accordingly, the indictment alleges conduct by Patterson that amounts to an offense under 7206(2). As explained in the authorities Patterson herself relies on, section 7206(2) does not require a defendant prepare a fraudulent return herself. Thus, the superseding indictment properly states a charge under section 7206(2) without specifically alleging that Patterson actually prepared these false returns. Counts 11-14 stand.

## II.

As Patterson acknowledges, a defendant's request to inspect grand-jury minutes is granted only in the most extraordinary cases. Further, even the "scrutiny of a court in relation to Grand Jury process is not triggered by unsubstantiated and speculative assertions of impropriety." *United States v. J. Treffiletti & Sons*, 496 F. Supp. 53, 56 (N.D.N.Y. 1980) (citing *United States v. Rubin*, 559 F.2d 975 (5th Cir. 1977)). The Defendant's assertions of impropriety are as speculative and unsubstantiated as they come. Patterson's position is that the Government knowingly put on witnesses to give false statements that Patterson was preparing fraudulent tax returns at Crown.[12] She argues the Government knows Patterson didn't file any returns because Patterson told special agents she didn't. It should go without saying that a defendant's proclamations of innocence to law enforcement officers standing

---

[12] Patterson assumes grand-jury witnesses testified Patterson prepared false returns because the superseding indictment states "the false information Michegel Butler, Brittany Patterson, and others reported on their client's tax returns included, but was not limited to false Schedule C income and expenses, false dependents and false dependent care expenses (Form 2441)." (Rec. Doc. 30 at 3). The Court notes that this statement in the indictment falls under the manner and means section of the indictment and so is reasonably read to state only the conspiracy as a whole reported this false information, but it makes no difference to this Court's decision, so the Court adopts the defendant's construction arguendo.

10

alone are not a sufficient basis for questioning the propriety of grand jury proceedings. There must be some sort of corroborative evidence in order for the presumption of regularity to be overcome. *See United States v. Anderson*, 915 F. Supp. 1146, 1157 (D. Kan. 1996), aff'd, 114 F.3d 1059 (10th Cir. 1997). That is particularly true in a case where the defendant's own statements—on which she solely relies—hardly exonerate her.[13] Defendant having failed to substantiate a particularized need to scrutinize the grand-jury minutes, the motion is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss Superseding Indictment* **(Rec. Doc. 46)** and *Motion for an In Camera Inspection of the Grand Jury Minutes* **(Rec. Doc. 47)** are **DENIED**.

New Orleans, Louisiana, this 28th day of May, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[13] The memorandum of interview for May 28 reports: "PATTERSON stated BUTLER allowed people to claim income that he knew they didn't have." (Rec. Doc. 47-2 at 5). And: "PATTERSON referred over 60 people to BUTLER and he initially paid PATTERSON for referrals but he eventually stopped paying her." (Rec. Doc. 47-2 at 5).

11